PROBATE COURT OF EAST PROVIDENCE *vs.* JOSEPH McCORMICK, JR., *et al.*

SAME *vs.* SAME.

JANUARY 12, 1937.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker, and Condon, JJ.

PER CURIAM. The defendant, The Standard Accident Insurance Company, with the permission of the court, has filed a motion for reargument of these cases. As ground for the motion, it states, as we understand, that the opinion of this court, filed June 17, 1936, leaves the measure of recovery by the creditors, under General Laws, 1923, Chapter 371, open to doubt as to which of three possible constructions of the opinion was intended by the court.

Our answer to this statement may be found in the opinion itself. Certain definite, specific questions were certified to us by the Superior Court, and we have definitely answered them. Neither those questions nor our answers deal with the measure of recovery, upon the

executor's bond, in any suit brought by a creditor under the statute. Moreover, the opinion does not undertake to say what defenses may be interposed to such a suit. The certified questions did not raise these specific issues and we did not consider them. We will not, on certification of questions under the statute, answer other questions not specifically raised, nor will we, on motion for reargument, consider such questions on the possibility that they may arise on varying constructions of the language used by us in our opinion in reaching our conclusions on the questions duly certified to us and argued at the original hearing.

It seems to us that the defendant must, upon reflection, realize that a reargument upon the grounds stated in the motion would actually reopen the entire case on the very same grounds which were so thoroughly and adequately presented on the original hearing. If the defendant now feels that it, in fact, did not adequately develop its thesis in support of the position which it assumed at that time, or that the court has overlooked some of the points then made, it has failed to state them in its motion. We are satisfied that such is not the case, but the defendant seeks to reargue the cases to convince us of the hardship that may result from the construction which we have put upon the statute. It has apparently been misled by the sentence in our opinion, "On the other hand, chap. 363, sec. 16, is undoubtedly open to several constructions", into the belief that this language in some way weakens the express construction which we put upon Chap. 371, Sec. 16. This is unfortunate; this expression was used—as we think the paragraph of which it is the topical sentence will show— merely to preface the discussion of the different constructions which had been placed upon said chapter and section by the parties before us. Moreover, it was employed antithetically to the preceding paragraph to illustrate the explicit and definite character of Chap. 371, Sec. 16, as contrasted with said Chap. 363, Sec. 16.

Defendant also has overlooked the fact that we have clearly and positively construed said Sec. 16 and have held that the administrator *d. b. n.* is not given the right to sue for waste but only the right to sue all parties on the bond for undelivered "goods and effects . . . belonging to the estate", or for damages for their nondelivery. It does not point out in its motion any new ground that would warrant us in granting a reargument on that question. We cannot consider the possible hardship that might be caused under our construction in some case that might arise similar to the hypothetical case set out in the motion by the defendant by way of illustration of its reasons for reargument. A like illustration was presented to us by defendant at the original hearing, and we were of the opinion that we had disposed of it by saying we would not speculate upon such matters. Apparently this expression has had, at least in the mind of this defendant, the reverse of the effect intended. It seems to think that the expression may possibly indicate that the court has not fully considered the eventuality referred to. Plainly speaking, the court declined to consider the matter, because under our view of the questions certified to us we were not required to do so.

After a thorough consideration of the defendant's motion, we are of the opinion that no cause has been shown, which in justice to all parties would warrant us in ordering a reargument in those cases.

Motion denied.

*Tillinghast, Collins & Tanner, Francis J. O'Brien, Edwards & Angell, James C. Collins, Harold E. Staples, Robert W. Hankins, Elmer E. Tufts, Jr.,* all of Providence, for plaintiffs.

*Hinckley, Allen, Tillinghast & Wheeler, Arthur M. Allen, Noel M. Field,* of Providence, *Phipps, Durgin & Cook, Robert A. B. Cook, Jonathan B. Rintels,* of Boston, for deft. Standard Accident Ins. Co.